IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

CHARLES A. ABEYTA,
ADC #800132                                                                                           PLAINTIFF

v.                                          2:06CV00011WRW/HLJ

MICHAEL PFEIFFER, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District
    Judge (if such a hearing is granted) was not offered at the
    hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

This matter is before the Court on the defendants' motion for summary judgment (DE #64). Plaintiff has filed a response in opposition to the motion (DE #69).

Plaintiff, a state inmate incarcerated at the Diagnostic Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging deliberate indifference to his serious medical needs with respect to his medical care and treatment following a fall in August, 2004.  Defendants are Dr. Richard Plant, who provided medical care and treatment to the plaintiff through a contract with Correctional Medical Services, Inc. (CMS), and Dr. Roland Anderson, the Regional Medical Director for CMS.  Plaintiff asks for damages from the defendants.

### II.  Summary Judgment

A.  Defendants' Motion

In their motion for summary judgment, defendants state that plaintiff can not support his claim for deliberate indifference against them, because plaintiff was treated on at least thirteen separate occasions following his fall and received numerous medications and diagnostic tests. Specifically, defendant Plant states he treated plaintiff for back and hip-related complaints, prescribed numerous medications for him, ordered three separate diagnostic tests (which were normal and showed nothing of clinical significance), restricted plaintiff's duty, and on two occasions placed plaintiff in the infirmary ward for observation and treatment. See DE #64, Ex. B. Defendant Plant states plaintiff has provided no proof of malicious or sadistic intent by him, or that he acted in a medically-inappropriate manner.

With respect to defendant Anderson, defendants state plaintiff's claim against him is based on the fact that Anderson deferred defendant Plant's first consultation request for an MRI on plaintiff in June, 2005, but later approved a second request in September, 2005. DE #64, Ex. C. Defendant Anderson states that certain medical guidelines were not met with respect to the first consultation request, because plaintiff was improving with steroid treatment, but the second request included additional information which met the medical guidelines. Both defendants state plaintiff is complaining about a disagreement with the course of his medical treatment, which fails to give rise to a constitutional claim. Finally, defendants rely on plaintiff's medical records, indicating that treatment was provided to plaintiff on a regular basis, and plaintiff fails to establish that any delay in medical treatment resulted in a detrimental effect to his health.

B.  Plaintiff's Response

In response, plaintiff complains about the overall delay in his treatment. First, plaintiff states he was injured in a fall on August 20, 2004, yet was not seen in the infirmary until August 30, 2004.

He further states he did not receive a MRI test until a year later, in September, 2005, and that the test showed severe damage to his first and fifth vertebrae.   As a result, plaintiff alleges his injury was healed improperly, leaving him permanently disabled.   Plaintiff alleges defendant Anderson was deliberately indifferent to his medical needs by denying the first MRI consultation request, and that both defendants acted intentionally and purposefully to deprive him of his rights, resulting in physical pain and mental anguish.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

D.  Analysis

In order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S.

825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

In this particular case, plaintiff presents absolutely no evidence of deliberate indifference by defendants. According to the medical records provided by the defendants in support of their motion (DE #64, Ex. A), plaintiff was treated repeatedly following his fall for his back complaints by defendant Plant. Such treatment included various combinations of steroids and pain medication, and at one point, in February, 2005, plaintiff claimed a remarkable response to his medications.

According to defendant Plant, plaintiff suffers from muscle spasms and normal arthritic changes in his spine, and the MRI and x-rays which were taken revealed no damage to his spine.  Defendant Anderson also stated in his affidavit that the initial consultation request did not meet the medical criteria for such a request, since the records indicated a positive response to medication, and that a subsequent MRI was approved after plaintiff continued to experience back pain and spasms.  Plaintiff has provided no proof that these defendants acted in a manner which recklessly disregarded plaintiff's health, and basically appears to disagree with the course of his treatment.  Finally, plaintiff provides absolutely no proof in support of his allegation of permanent harm to two places on his spine, in that the x-ray and MRI reports provided by defendants contradict such a conclusion.

The Court finds that at the most, plaintiff presents a case of disagreement in treatment, and provides no evidence that he was misdiagnosed or that defendants ignored his medical problems.  Therefore, the Court finds as a matter of law that plaintiff does not support an Eighth Amendment claim against defendants, and that defendants' motion should be granted.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #64) is hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 11th day of June, 2007.

_____
Henry L. Jones, Jr.
United States Magistrate Judge